Battle, J.
 

 An order for the continuance of a cause is regarded as a discretionary one, from which no appeal can be taken. Such is, undoubtedly, the general rule, and we cannot discover any thing in the present case which makes it an exception. The plaintiff', indeed, contended in the County Court, that he had a right to have his cause tried at the first, of appearance term, and insisted that he was entitled to a judgment, unless the pleas of the defendant were then verified and found to be true by a jury. The Court refused his motion, for a judgment, and made an order for the continuance of the cause, but whether that was done for the reason that in the opinion of the Court the plaintiff was not entitled to a trial at that term, or because the defendant was not then prepared with his proof, does not appear. It is merely stated that the plaintiff’s motion for a judgment was refused and the
 
 *3
 
 canse was continued. Supposing that the order for a continuance ‘ought not to have been made, how could it be corrected in the Superior Court upon an appeal? The term of the County Court, at which the plaintiff insisted upon his light to have a trial, must necessarily have been passed before the ■cause could be disposed of in the Superior Court, and it was, therefore, out of the power of the Court to correct the error, •supposing one to have been committed ; hence, we conclude that no appeal will lie from an order of the County Court, where the appeal must necessarily be ineffectual for the purposes for which it is prayed. We, therefore, approve of the order of the Superior’Court by which the appeal was dismissed. And we think it was properly dismissed at the costs of the plaintiff. The costs which the bail are required by the 10th section of the 11th chapter of the Revised Code to pay on the
 
 scire
 
 facias, notwithstanding they may be afterwards discharged by the death or surrender of the principal, or otherwise, could never have been intended to include such asare incurred by the plaintiff on account of an improper and ineffectual appeal.
 

 We have'considered the case as if the plaintiff were entitled to a trial at the term at which the
 
 scire facias
 
 is returned as having been made known to the bail; such was his right, undoubtedly, by the express terms of the Revised Statutes, chap. 10, sec. 6; but in the Revised Code the phraseology is 'altered; the 4th section of the 11th chapter, enacting that “ where any
 
 scire facias
 
 against bail shall be returned ‘executed,’ they may appear and plead as in other cases.” This seems to put cases of this kind upon the same footing with issues in other actions, which, by virtue of the 31st chap, ■of the Revised Code, section 57, rule 13, shall be tried at the term next succeeding that at which they were made up. The decision of tiffs question is unnecessary to our judgment in the present case, and we allude to it only for the purpose of preventing the conclusion that our opinion upon it favors the view taken of it by the plaintiff
 

 Per Curiam,
 

 judgment affirmed.